```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF TENNESSEE
                           AT NASHVILLE

PIERRE YVES BOURGEOIS,              )
                                    )
         Plaintiff                  )
                                    )         No. 3:16-0699
v.                                  )         Judge Crenshaw/Brown
                                    )
DEPARTMENT OF HOMELAND              )
SECURITY, et al.,                   )
                                    )
         Defendants                 )
```

**TO: THE HONORABLE WAVERLY CRENSHAW, JR.**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to obtain service of process within 90 days in accordance with Federal Rule of Civil Procedure 4(m).

### BACKGROUND

The Plaintiff filed his case on April 1, 2016. The case was set for an initial case management conference on April 24, 2016 (Docket Entry 6) after it was referred to the Magistrate Judge on May 3, 2016 (Docket Entry 5) for case management. On July 6, 2016, the Magistrate Judge entered an order (Docket Entry 7) directing the Plaintiff with the Clerk proof of service or to show cause within 14 days why the Court should not dismiss the case for failure to obtain service of process within 90 days.

The Plaintiff then filed summonses in the matter, which through the postal tracking system, purported to show service of process on the United States as required by Rule 4. However, the postal service dates did not properly correspond to the dates the

summonses were issued inasmuch as the mailing date preceded the issuance date.

In response to the Magistrate Judge's request for information (Docket Entry 9) the United States filed a response (Docket Entry 10) in which they stated that neither the United States Attorney, the Attorney General, or the Secretary of Homeland Security had been served with process in the case. They pointed out that the return of service was filed by the Plaintiff as Docket Entry 8 were for another case. An examination of the records showed that the United States is correct-the postal tracking documents provided for the Plaintiff could not be for service of process in this case. It therefore appears that the Plaintiff has not obtained service of process in this matter within 90 days, nor has the Plaintiff requested additional time to complete service.

**LEGAL DISCUSSION**

Rule 4(m) is mandatory for the Court to dismiss the case once the Plaintiff has been given notice. In this case the Plaintiff was given notice on July 6, 2016, and the Plaintiff has failed to show that service of process was served in this case on the United States.

Accordingly, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to obtain service of process. The Court must be able to control its docket and this case cannot proceed until the United States is properly served.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends this case be dismissed without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 19th day of July, 2016.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge